IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEBBIE SEVERANCE CALDWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>SEARS HOLDINGS MANAGEMENT CORPORATION, a Delaware corporation, SEARS ROEBUCK AND CO., a Delaware corporation, and JOHN DOES 1-10,<br><br>    Defendants. | **ORDER and**<br><br>**MEMORANDUM DECISION**<br><br><br>Case No. 2:13-CV-626-TC |

Plaintiff Debbie Caldwell filed a complaint in the Third Judicial District Court in and for Salt Lake County, against Defendants Sears Holdings Management Corporation and Sears Roebuck and Company (the Defendants). Defendants filed a notice of removal on July 2, 2013. Shortly after removal, the Defendants filed a motion to dismiss for failure to state a claim. On August 8, 2013, Ms. Caldwell filed a motion to remand, alleging that the court lacked subject matter jurisdiction. The court held a hearing on the motion to dismiss and the motion for remand on November 19, 2013.

In her complaint, Ms. Caldwell asserts two causes of action based on state law: violation of the Utah Wage Act, UTAH CODE ANN. § 34-28-3(5), and conversion. Ms. Caldwell alleges that the Defendants wrongfully withheld her wages without her written consent when they continued to withhold payments for their company health care plan after Ms. Caldwell had

affirmatively opted out of the plan.  Despite the lack of any reference to the Employee Retirement Income Security Act (ERISA) in the complaint, Defendants assert that the complaint presents a federal question because Ms. Caldwell seeks to recover benefits under the health care plan that is governed by ERISA.  Ms. Caldwell disagrees and argues that the court does not have subject matter jurisdiction because she is not seeking benefits under the plan.

Before the court can rule on the Defendants' motion to dismiss, it must determine whether it has subject matter jurisdiction.  The key question that the court must decide is whether Ms. Caldwell's claims are completely preempted by ERISA.  If they are not, the court lacks subject matter jurisdiction and must remand to the state court..

Because the Court finds that ERISA does not completely preempt Ms. Caldwell's claims, the court GRANTS Ms. Caldwell's Motion to Remand (Docket No. 8).

BACKGROUND

Ms. Caldwell is employed by Defendant Sears Roebuck and Company.  At the end of 2007, Ms. Caldwell had health care coverage under the Sears Holdings Medical Plan (the Plan).  In November 2007, Ms. Caldwell elected to discontinue her medical coverage under the Plan.  The premiums for December 2007 were not deducted from Ms. Caldwell's wages.  But at the beginning of the new year, without Ms. Caldwell's authorization, Defendants continued to deduct money from Ms. Caldwell's pay to pay the Plan premiums.  According to Defendants, Ms. Caldwell's coverage was reinstated on January 1, 2008, due to "administrative error."  (Aug. 2, 2011 Letter,  Ex. A to Defs.' Notice of Removal, Docket No. 2-1 at 9.)  Defendants continued deducting premium amounts throughout 2011.

In 2011, Ms. Caldwell discovered what Defendants were doing.  Ms. Caldwell contacted

Defendants and requested a refund of the deductions. Defendants stated that they were treating Ms. Caldwell's claim as a "claim under the ERISA claims procedure."[1] In their August 2, 2011 letter, Defendants claimed that Ms. Caldwell utilized her medical benefits in June 2010 so her "request for cancellation of [her] medical benefits participation along with a refund of contributions cannot be authorized at this time." (Id.)

Defendants "made an exception" and agreed to reimburse Ms. Caldwell only the 2011 pre-tax deductions. (See Ex. B, Defs.' Supplemental Mem., Docket No. 15-1 at 12.)

ANALYSIS

**I.   MOTION TO REMAND**

1.   Subject Matter Jurisdiction

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal under 28 U.S.C. § 1441 is only proper if the court has original jurisdiction over the action. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes should be strictly construed and all doubts are to be resolved in favor of remand. Fajen v. Found. Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted) (citing Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. 1957)).

The Tenth Circuit has explained that, "[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not

---

[1](March 23, 2012 Letter, Ex. B to Defs.' Supplemental Br., Docket No. 15-1 at 11.)

affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002 ). The removing party must satisfy its burden by a preponderance of evidence. McPhail v. Deere & Co., 529 F.3d 947, 952–53 (10th Cir. 2008).

A federal district court possesses original subject-matter jurisdiction over a case when there is a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's well-pleaded complaint usually determines whether a federal question exists. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983). Presenting a federal question as a defense, such as federal preemption, "does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). But Congress may "so completely pre-empt a particular area that any civil complaint raising this select group of claims" is necessarily federal in character. Id. at 63-64. "The complete preemption doctrine applies when the class of claims by plaintiff is so necessarily federal that removal is always permitted, even if . . . [it] does not appear on the face of plaintiff's well-pleaded complaint." Id. (quoting Lyons v. Alaska Teamsters Employer Serv. Corp., 188 F.3d 1170, 1172 (9th Cir. 1999)).

Here, Ms. Caldwell's complaint alleges claims for wrongful withholding of wages under Utah law and conversion, but does not assert any ERISA claim on the face of the complaint. Therefore, this court has original subject matter jurisdiction permitting removal only if Defendants establish that ERISA completely preempts Ms. Caldwell's state law claims.

4

2. <u>Preemption under ERISA</u>

ERISA contains "elaborate provisions for the regulation of employee benefit plans. The federal statute provides reporting and disclosure obligations for plans, imposes a fiduciary standard of care for plan administrators, and establishes schedules for the vesting and accrual of pension benefits." <u>Massachusetts v. Morash</u>, 490 U.S. 107, 113 (1989) (citing <u>Metro. Life Ins. Co. v. Massachusetts</u>, 471 U.S. 734, 732 (1985)). Suits to enforce the terms of the statute and to recover benefits wrongfully withheld arise under federal law and can be brought in federal court. <u>Id.</u> (citing <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 108 (1989)).

Section 502(a)[2] of ERISA authorizes civil actions "(1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132. All state law claims that come within the scope of ERISA's civil enforcement mechanism are preempted under the complete preemption doctrine. <u>See</u> <u>Albin v. Qwest Commc'ns Corp.</u>, 194 F. Supp. 2d 1138, 1141 (D. Ore. 2002) (citing <u>Taylor</u>, 481 U.S. at 63-64); <u>Perl v. Laux/Arnold, Inc.</u> 864 F. Supp. 2d 731, 736-37 (N.D. Ind. 2012). An individual's claim falls under the scope of ERISA's civil enforcement provision if:

> [T]he individual is entitled to such [claimed] coverage <u>only because of the terms of an ERISA-regulated employee benefit plan</u>, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, <u>could have brought his claim under ERISA § 502(a)(1)(B)</u>, and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

---

[2]Codified at 29 U.S.C. § 1132(a).

5

Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004) (emphasis added). "Therefore, if a state-law claim is for benefits due or claimed under an ERISA-regulated plan, or to enforce or clarify rights under a plan, and no legal duty independent of ERISA is implicated in the claim, then the state-law suit falls within § 502(a) and may be removed to federal court." Hansen v. Harper Excavating, Inc., 641 F.3d 1216, 1221 (10th Cir. 2011) (emphasis added).

In addition to complete preemption under § 502(a), § 514 of ERISA, codified at 29 U.S.C. § 1144(a), contains an express preemption provision that provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [covered by ERISA]." 29 U.S.C. § 1144(a). The term "State law" includes all "laws, decisions, rules, regulations, or other State action having the effect of law." Id. § 1144(c)(1). Under conflict preemption, "[a] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). The Supreme Court has said that a state law "relates to" an ERISA benefit plan if it makes "reference to" or has a "connection with" employee benefit plans. Shaw v. Delta Air Lines, Inc. 463 U.S. 85, 96-97 (1983).

Although § 514(a) of ERISA is interpreted broadly, see Metro. Life Ins. Co., 471 U.S. at 739, it is merely a defense and does not create a basis for removal jurisdiction. See Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1155 (10th Cir. 2004). "ERISA conflict preemption under § 514 alone is not sufficient to support removal of a well-pled complaint alleging a state cause of action." Id. (citing Franchise Tax Bd., 463 U.S. at 25-27). Complete preemption sufficient to

create federal subject matter jurisdiction applies only to that more limited class of claims that could have been brought as a federal cause of action under the civil enforcement provisions of § 502(a) of ERISA. See id. If a claim merely relates to a plan, but does not seek to enforce rights thereunder, it will not be subject to removal. See id. at 1157.

    1.    Does Ms. Caldwell have standing to sue under ERISA?

Ms. Caldwell must have standing to sue under § 502(a) before her claim can be recharacterized as "arising under federal law subject to federal jurisdiction under the doctrine of complete preemption." See Felix v. Lucent Techs., Inc., 387 F.3d 1146, 1158 (10th Cir. 2004). Section 502(a)(1) of ERISA provides a cause of action to any "participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Id. (quoting 29 U.S.C. § 1132(a)(1)).

    a.    Ms. Caldwell is a "Participant" under ERISA.

Under ERISA, a "participant" is defined as:

> <u>any employee</u> or former employee of an employer, or any member or former member of an employee organization, who is or <u>may become eligible to receive a benefit</u> of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (emphasis added). The Supreme Court further clarified the definition of "participant" in Firestone Tire & Rubber Company v. Bruch, 489 U.S. 101 (1989). The Court held that under ERISA, participants include "employees in, or reasonably expected to be in, currently covered employment, or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." Id. at 117

(citations omitted) (internal quotation marks omitted).

Ms. Caldwell was and continues to be an employee of Defendant Sears Roebuck. This employer maintains an ERISA plan.[3] Though she is currently not contributing payments to the Plan, she "may become eligible to receive a benefit" if she began contributing to the Plan again.

Though Ms. Caldwell may be considered a participant under the Plan, she also must be seeking to recover benefits due to her under the terms of the Plan, to enforce her rights under the terms of the Plan, or to clarify her rights to future benefits under the terms of the Plan for the court to have federal subject matter jurisdiction.

          b.        Ms. Caldwell's Claims do not Arise under § 502(a)(1) of ERISA.

Under ERISA's civil enforcement provision, Ms. Caldwell's claims could be brought[4] under ERISA only if she seeks "to <u>recover benefits due</u> to [her] under the terms of [her] plan, to <u>enforce [her] rights</u> under the terms of the plan, or to <u>clarify [her] rights to future benefits</u> under the terms of the plan." 29 U.S.C. § 1132(a)(1) (emphasis added); see <u>Felix v. Lucent Techs., Inc.</u>, 387 F.3d 1146, 1160 n.14 (10th Cir. 2004).

In their response to Ms. Caldwell's motion to remand, the Defendants assert that "[t]here

---

[3] Under ERISA, an employee "welfare benefit plan" is defined as a plan, fund, or program that provides participants or their beneficiaries, through the purchase of insurance or otherwise" with "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits." 29 U.S.C. § 1002(1). Because the Sears Holdings Medical Plan is a plan that provides Defendants' employees with healthcare coverage for medical treatment, surgery and other benefits, it is a plan governed by ERISA.

[4] ERISA's civil enforcement provision contains other avenues for bringing a claim under ERISA. See <u>Felix</u>, 387 F.3d at 1163 (noting that some plaintiffs may be able to bring claims for equitable relief under the catch-all provision of § 502(a)(3)). But Defendants have only alleged that Ms. Caldwell is essentially bringing claims under § 502(a)(1). Because it is the Defendants' burden to show that removal was proper, the court will not consider the other civil actions contemplated under the statute. See 29 U.S.C. § 1132(a)(1) – (4).

is no question that section 502(a) converts Plaintiff's claims into an ERISA claim and provides a basis for removal." (Defs.' Opp'n Mem. To Pl.'s Mot. To Remand, Docket No. 9 at 4.) Specifically, Defendants argue that Ms. Caldwell "elected to discontinue her medical coverage under the plan," she sent a letter to her employer requesting a refund of "medical contributions," she allegedly used her benefits after her cancellation which Defendants interpret to mean that Ms. Caldwell is now seeking benefits under the ERISA plan, and the Plan provided by Defendants is an ERISA plan. (Defs.' Mot. To Dismiss, Docket No. 4 at 2-3.) Defendants assert that taken together, "there is no question that Plaintiff seeks recovery of contributions and a review of a claim under an ERISA plan." (Defs.' Notice of Removal, Docket No. 2 at 3.)

But the presence of or mere reference to an ERISA plan within the facts of a case does not, on its own, automatically subject the litigant to federal question jurisdiction. See Ervast v. Flexible Products Co., 346 F.3d 1007, 1014 (11th Cir. 2003). "The court evaluating federal question jurisdiction must parse the elements of the claim to ascertain whether the claim, and not just the factual scenario, states a claim resonant of recovery under § [502(a)]." Id.

Even though Defendants actually withheld the money and used the deductions as contributions to the Plan, Defendants' actions should not preempt Ms. Caldwell's claims. According to Ms. Caldwell, but for Defendants' mistake in re-enrolling her in the Plan against her explicit desire to terminate her coverage, she would have received her salary amount. If Ms. Caldwell recovers on the basis of her claims in her complaint, she would not recover under the terms of the Plan; rather, she would recover money taken and applied to an unauthorized purpose, which in this case, was an ERISA-covered plan. See e.g., Tidwell v. Coldwater Covers, Inc., 393 F. Supp. 2d 1257, 1263 (N.D. Ala. 2005); see also Wright v. Gen. Motors Corp., 262

F.3d 610, 614–15 (6th Cir. 2001) (reference to life insurance benefits lost as a result of wrongful termination not sufficient to constitute a claim for benefits under § 1132(a)).

In Aetna Health Inc. v. Davila, 542 U.S. 200, 211 (2004), the plaintiffs "complain[ed] only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans." The plaintiffs' state-law claims in Davila for payment of benefits under the ERISA plan "duplicated those that were available under § 502(a)(1)(B). Plaintiffs in Davila therefore could have, and should have, brought suit under § 502(a)(1)(B)." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 948 (9th Cir. 2009). But here, Ms. Caldwell does not allege that she is entitled to a refund because of the terms of the Plan or that such a refund is a benefit under the Plan.

Defendants have failed to establish that either of Ms. Caldwell's claims are actually claims arising under § 502(a)(1) of ERISA. Ms. Caldwell is not seeking benefits due to her under the terms of the Plan, nor wanting to enforce a particular right under the Plan, nor attempting to clarify her rights to future benefits under the terms of the Plan. Ms. Caldwell is suing to recover money due to her because she ended her coverage under the Plan; money which she would have received but for Defendants' "administrative error." (Aug. 2, 2011 Letter, Ex. A to Defs.' Notice of Removal, Docket No. 2-1 at 9.) Section 502(a) is inapplicable where the "plaintiff is not seeking relief as a participant or beneficiary of the plan for benefits due or to enforce the terms of the plan, or any other relief provided by that section." Taylor-Sammons v. Bath, 398 F. Supp. 2d 868, 875 (S.D. Ohio 2005); see also Perry v. P*I*E Nationwide Inc., 872 F.2d 157, 162 (6th Cir.1989) (no preemption where plaintiffs did not seek plan benefits).

Defendants' assertions that Ms. Caldwell is seeking benefits under the terms of the Plan

or that she seeks to enforce her rights under the terms of the Plan are conclusory. Defendants fail to show how their obligation to secure Ms. Caldwell's written consent before withholding her wages arises from the terms of the Plan, or which specific provision in the Plan relates to Ms. Caldwell's alleged benefit or right. See Marin Gen. Hosp., 581 F.3d at 948 (finding that the defendants' obligation to pay the plaintiff did not stem from the ERISA plan, and the plaintiff was not suing for any remedy provided by the relevant plan or § 502(a) of ERISA).

Accordingly, the court finds that Defendants have not demonstrated by a preponderance of the evidence that Ms. Caldwell's claims fall within the scope of ERISA's § 502(a). Ms. Caldwell's claims are not completely preempted because she is not seeking relief available under ERISA and the court has no jurisdiction to hear the case. The court need not decide the issue of whether a legal duty independent of ERISA is implicated by Ms. Caldwell's claim.

It is hereby ORDERED that this case be dismissed and the Clerk of the Court is directed to remand this matter to the Third Judicial District Court in and for Salt Lake County.

SO ORDERED this 16th day of April, 2014.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge